UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:24-cv-262-MOC-WCM

| | | |
|---|---|---|
| **MICHAEL D. GIBBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **FRANK BISIGNANO,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on review of a Memorandum and Recommendation ("M&R") issued in this matter. (Doc. No. 9). In the M&R, the magistrate judge advised the parties of the right to file objections within 14 days, in accordance with 28, United States Code, Section 636(b)(1)(c). Plaintiff filed an objection within the time allowed, and Defendant filed a reply. (Doc. Nos. 10, 11). For the following reasons, the Court agrees with Plaintiff that this matter should be remanded to the ALJ for further findings. The Court, therefore, declines to adopt the recommendation of the magistrate judge.

## I. Background

In December of 2021, Plaintiff filed an application for disability insurance benefits, alleging disability beginning on July 16, 2021. Following an administrative hearing at which Plaintiff appeared and testified, an Administrative Law Judge ("ALJ") issued an unfavorable decision. Plaintiff appealed to this Court, arguing that "when formulating Plaintiff's RFC, the ALJ failed to account for Plaintiff's use of a cane." (Doc. No. 9 at 3). In a Memorandum and Recommendation dated February 24, 2026, the Honorable U.S. Magistrate Judge W. Carleton Metcalf recommended that the Commissioner's decision be affirmed. (Doc. No. 9). Plaintiff filed

an objection to the magistrate's recommendation. (Doc. No. 10).

## II. Standard of Review

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the magistrate judge's recommendation.

## III. Discussion

In Plaintiff's objection to the magistrate judge's recommendation, Plaintiff contends that he needs a cane for standing and the ALJ erred in failing to explain specifically the absence of such limitation from the ALJ's assessment of Plaintiff's residual functional capacity. Plaintiff argues that "remand is warranted for the ALJ to explain specifically how the ALJ weighed Plaintiff's medical records and hearing testimony in reaching the ALJ's conclusions regarding Plaintiff's need for a cane while standing and ambulating." (Doc. No. 10 at 13).

Plaintiff raised this assignment of error before the magistrate judge, and the magistrate judge rejected it, finding that substantial evidence supported the ALJ's findings. The magistrate noted specifically that "[w]hether the ALJ's analysis of the specific circumstances under which Plaintiff requires the use of a cane is sufficient presents a close call." (Doc. No. 9 at 6) (emphasis in original). However, the magistrate judge ultimately found that substantial evidence supports the ALJ's findings. In discussing Plaintiff's need for a cane, the magistrate judge stated that:

> So ultimately, while the ALJ's discussion of Plaintiff's need for a cane could have been more robust, the ALJ's decision, fairly read, appears to rely on the hearing testimony of both Plaintiff and the vocational expert such that the ALJ built an 'accurate and logical bridge' between the evidence and Plaintiff's use of a cane as set forth in the RFC.

(Id. at 9).

Here, in an abundance of caution, and because, as the Honorable Judge Metcalf noted, this case is "close," the Court has determined that this matter should be remanded to the ALJ for further findings regarding Plaintiff's need for a cane. That is, the Court agrees that "remand is warranted for the ALJ to explain specifically how the ALJ weighed Plaintiff's medical records and hearing testimony in reaching the ALJ's conclusions regarding Plaintiff's need for a cane while standing and ambulating." (Doc. No. 10 at 13).

**IV. Conclusion**

After careful review, the Court declines to adopt the M&R of the magistrate judge, and the Court will remand this matter to the ALJ for further proceedings in accordance with this Order.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Objection, (Doc. No. 10), is **AFFIRMED**, this Court **DECLINES** to adopt the magistrate judge's Memorandum and

Recommendation, (Doc. No. 9), and this matter is **REMANDED** to the ALJ for further findings related to Plaintiff's evidence of his need to use a cane. Following remand, the Commissioner shall return to this Court to file any additional findings or modified findings and any transcript of additional record upon which the modified findings or decision is based, pursuant to sentence six of 42 U.S.C. § 405(g).

The Clerk shall terminate the parties' briefs, which have been filed as motions, and all other filings in this matter that appear as motions. (See Doc. Nos. 6, 7).

Signed: September 29, 2026

Max O. Cogburn Jr
United States District Judge